[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO TERMINATE AUTOMATIC STAY
The plaintiffs, B. Morgan Pridemore III and Gary Sasser, filed a complaint against the defendants, Jennifer Cusack, Lawrence X. Cusack III, Greenpoint Mortgage Corporation, the Town of Fairfield and the United States of America, Internal Revenue Service on March 24, 1998. The plaintiffs alleged that the Cusacks executed a promissory note payable to the plaintiffs in the amount of $398,500 on October 9, 1997. To secure the note, Jennifer Cusack mortgaged the premises located at 104 Old South Road, Fairfield, Connecticut. The note was in default as of March 1, 1998 and the plaintiffs moved for foreclosure on the subject premises. Greenpoint Mortgage Corporation is the holder of a first mortgage on the subject premises, which is the subject of a separate action.[1] The Cusacks did not file any defense to the plaintiff's action.
The court, Rush, J., ordered a foreclosure by sale on May 11, 1998. At the request of the Cusacks, the sale date was extended to: August 22, 1998 (Mottolese, J.); October 17, 1998 (Rush, J.); and December 12, 1998 (Ballen, J.).[2] On December 12, 1998, the court set a sale date for February 20, 1999, which CT Page 4355 was to coincide with the sale date set for the Greenpoint action. On February 18, 1999, the Cusacks filed a motion to open judgment and extend the law day to June 26, 1999. After hearing argument, the motion was denied by the court, Ballen, J. On February 19, 1999, the Cusacks appealed the decision of the court denying the motion to open judgment and extend the law day. The plaintiffs now move to terminate the automatic stay of execution pursuant to Practice Book § 61-11 on the grounds that the Cusacks' appeal is frivolous and filed for delay purposes only.
Practice Book § 61-11 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is officially released as set forth in Section 71-4; but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that judge may at any time, upon motion and hearing, order that the stay be terminated."
"It is within, the trial court's discretion to determine whether due administration of justice warrants the termination of a stay of execution." North American Bank Trust v. SultanRealty, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292441 (April 25, 1995, Thim, J.). "Of consequence is the fact that a stay of execution denies a party successful on the underlying judgment the immediate fruits of victory." Id.
The court notes that the Cusacks did not file any defense to the underlying foreclosure action.[3] After judgment of foreclosure by sale entered against the Cusacks, nine months passed during which time three additional motions to open judgment and extend the sale date were filed, and argued before the Cusacks claimed to have a defense.[4] The Cusacks had waited until two days before the scheduled February 20, 1999 sale date to file a fourth request to open the judgment and extend the sale date, which was premised on the same grounds as their prior motions.[5]
The court finds that the latest motion to open the judgment CT Page 4356 of foreclosure by sale and extend the sale date and appeal therefrom was brought for the purposes of delaying the eventual sale of the subject premises. Counsel for the plaintiff represented to the court that combined interest on the first and second mortgages on the subject premises accrues at a rate of approximately $350 a day.
Therefore, this court further finds that the due administration of justice requires that the sale of the property occur as soon as possible. Accordingly, the court grants the plaintiff's motion to terminate the automatic stay on the grounds of both delay and due administration of justice pursuant to Practice Book § 61-11. Moreover, the grounds for the appeal to extend the sale date have been effectively mooted. SeeGreenpoint v. Cusack, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352514.
BALLEN, J.T.R.